# Newry School District.   Appeal of Daniel J. Thompson et al.

*School law—Detachment of land theretofore annexed—Practice, Q. S.*

Proceedings for the detachment of lands theretofore annexed to a school district must be either under the Act of June 8, 1881, P. L. 69, or June 2, 1891, P. L. 172, and not by appointment of viewers under the Act of April 17, 1876, P. L. 38.

Argued Oct. 24, 1899.   Appeal, No. 96, Oct. T., 1899, by Daniel J. Thompson et al., from decree and orders of Q. S. Blair Co., Jan. Sess., 1898, Docket " K," page 23, refusing to confirm report of viewers, detaching certain lands of Blair Township from the Newry School District.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Per Curiam.

Application of certain residents of Blair township to have their real estate detached from the Newry school district and reattached to the Blair township school district.   Before BELL, P. J.

It appears from the record that Newry, Blair county, Pennsylvania, was incorporated as a borough in 1876; after the incorporation the owners of certain outlying farm lands of Blair township presented their petitions to the court of quarter sessions asking that their lands be attached to the borough of Newry for school purposes.   In accordance therewith the lands were so attached and continued so to be a number of years. On January 10, 1898, the owners of the lands presented their petition to the court of quarter sessions asking that viewers be appointed to detach their lands from the Newry school district, and that said lands might be reattached to the Blair township school district wherein the lands lay and in which township the lands were assessed and taxed for all purposes save that of school purposes.   In accordance with this petition viewers were appointed who reported in favor of the reattachment of the lands, whereupon exceptions were filed to the confirmation of the report and the court filed an opinion refusing to confirm absolutely said report and setting same aside; the opinion by BELL, P. J., being as follows:

November 28, 1898.  By the Court: On July 30, 1879, this court, under the provisions of the Act of April 17, 1876, P. L. 38, annexed certain lands in Blair township to Newry borough for school purposes.  On January 10, 1898, the residents on said lands presented a petition asking that said lands be detached from Newry borough and reannexed to Blair township. Said petition asked for the appointment of three viewers and said number of viewers were appointed and reported in favor of such detachment and reannexation of said lands.

Is there any legal warrant for such proceedings by the appointment of and report of viewers?  Prior to the constitution of 1874 this matter of changing school districts seems to have been regulated by no general law; resort was had to a special act to meet each particular case.  Such legislation, however, having become unconstitutional, the said act of April 17, 1876, was passed, by virtue of which said lands in Blair township were annexed to Newry borough.  But it will be observed that said act of April 17, 1876, only provides for the annexation of adjacent territory; it is silent as to the detachment of lands heretofore annexed.  However, the legislature have provided for last mentioned contingency, namely, the detachment of lands heretofore annexed by two statutes, to wit: the Act of June 8, 1881, P. L. 69, and Act of June 2, 1891, P. L. 172. Unfortunately, however, for the present petitioners they have failed to bring their present proceedings in accordance with the provisions of either of said last recited two acts.  The act of June 8, 1881, where, by a decree of court, lands have been annexed to a borough for school purposes, allows the court to vacate said decree upon petition of one third of the taxable citizens after hearing and due consideration, but there is no suggestion or intimation that viewers be appointed.  The plain inference is that the hearing shall be on depositions or testimony taken before an examiner.  The court, not viewers, is to determine the expediency of the desired change.  A like former decree annexing lands for school purposes may be vacated in accordance with the provisions of said act of June 2, 1891, "with the consent of the board of school directors of both districts interested."  In the present proceedings the board of school directors of Newry borough do not consent, but protest.

[After a careful consideration of the matter, I have come to

the conclusion that, if the present petitioners desire to have the
decree of this court made July 30, 1878, annexing their lands
to Newry borough vacated, they will have to proceed either by
virtue of the act of June 8, 1881, or of the act of June 2, 1891.]
[2] If under the act of June 8, 1881, then, as heretofore stated,
the court, and not viewers, decide as to the expediency of the
desired change.   If under the act of June 2, 1891, the consent
of the boards of school directors both of Blair township and
Newry borough will have to be obtained.   It is unnecessary to
consider the other exceptions.   From what has already been
said it seems clear that the proceedings are irregular.

[Now, November 28, 1898, the first exception filed by counsel
for T. Hoover et al. is sustained and proceedings are set aside
at the cost of the petitioners.] [3]   Daniel J. Thompson et al.
appealed.

*Errors assigned* were (1) in not sustaining and confirming
absolutely the report of the viewers.   (2, 3) To portions of the
judge's opinion, reciting same.

*Harry A. McFadden*, for appellants.—The Act of June 8,
1881, P. L. 69, and the Act of June 2, 1891, P. L. 172, do not
repeal or interfere with or in any way disturb the Act of April 17,
1876, P. L. 38, and the latter act remains in full force and virtue.
The act of April 17, 1876, provides a free, complete and regular
method of attaching lands to school districts in general, no
difference how the lands became attached to the district from
which they seek to be separated.

The lands in this proceeding are part of the Newry school
district just the same and absolutely as if included in the first
incorporation.   They now seek to be separated from that dis-
trict and to be attached to the Blair township school district.
The act of 1876 aforesaid provides a full and adequate method
for making the change.   The petitioners strictly followed the
law.   They were right.   The report of the commissioners should
have been and ought now to be confirmed absolutely at the costs
of appellees.

*J. Lee Plummer*, for appellees.

592, (1899).]                    Opinion of the Court.

PER CURIAM, November 20, 1899:

The Act of April 17, 1876, P. L. 38, applies only to appli-cations by "persons resident in one township or borough" to have their lands annexed to another township, borough or city for school purposes. This was not such a case. The petition-ers were residents of the township to the school district of which they desired to have their lands reannexed, and the rem-edy in such a case is under the Act of June 8, 1881, P. L. 69, or the Act of June 2, 1891, P. L. 172. It follows that there was no authority for the appointment of viewers, and that the court committed no error in refusing confirmation of their report. This is so clearly shown in the opinion filed by the learned president of the court below as to render further discussion unnecessary.

The order is affirmed and the appeal dismissed at the cost of the appellants.